UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE: ) | |
| ) | CASE NO.        19-50934 (JAM) |
| RICHARD CAIRES, ) | |
| ) | CHAPTER        7 |
| DEBTOR. ) | |
| ) | RE: ECF NO        110 |
| RICHARD CAIRES, ) | |
| PLAINTIFF, ) | |
| ) | |
| v. ) | ADV. PRO. NO.    19-5025 |
| ) | |
| JP MORGAN CHASE BANK, NA, ) | |
| ) | |
| DEFENDANT. ) | RE: ECF NO.        17 |
| ) | |

**MEMORANDUM OF DECISION AND**
**ORDER ABSTAINING FROM ADVERSARY PROCEEDING**

**I.     BACKGROUND**

On September 30, 2019, Richard Caires (the "Debtor"), appearing *pro se*, commenced this Adversary Proceeding by filing a Complaint against JP Morgan Chase Bank, N.A ("JP Morgan"). The Complaint alleges claims of fraud, misrepresentation, and negligence with respect to a state court foreclosure proceeding JP Morgan has brought against the Debtor in the Connecticut Superior Court (the "State Court Foreclosure Action") with regard to the real property commonly known as 634 North Street, Greenwich, Connecticut (the "Property"). The Complaint seeks, among other relief, a finding that JP Morgan was negligent, made misrepresentations, and committed fraud on the Superior Court and on the Federal Courts regarding its position that it is the holder of the note and mortgage secured by the Property.

On October 16, 2019, this Court entered an Order staying this Adversary Proceeding until further order of the Court. On March 16, 2021, the Debtor filed a Motion to Lift Stay, asking the

Court to lift the stay imposed in this Adversary Proceeding so that he may prosecute the Complaint against JP Morgan.  From the Court's review of the pleadings filed in the Debtor's Chapter 7 Case and in this Adversary Proceeding, the Court determined that a substantial question existed as to whether this Court should hear and determine this Adversary Proceeding or whether it should abstain from doing so.  Accordingly, on March 24, 2021, the Court entered an Order Lifting Stay of Adversary Proceeding and Order to Show Cause Why the Court Should Not Abstain from Adversary Proceeding (the "Order to Show Cause," ECF No. 110 in the Chapter 7 Case; ECF No. 17 in the Adversary Proceeding).  The Order to Show Cause scheduled a hearing to be held on May 4, 2021, at which the Debtor and JP Morgan were to appear and show cause why this Court should not mandatorily and/or permissively abstain from hearing and deciding this Adversary Proceeding.  The Order to Show Cause also required that any pleadings in support of or in opposition to abstention be filed on or before April 20, 2021, in order to be considered by the Court.

The Debtor was served with the Order to Show Cause via first class mail and email on March 24, 2021.  *See* ECF No. 111 in the Chapter 7 Case; ECF No. 18 in the Adversary Proceeding.  Due to a scheduling conflict, the hearing on the Order to Show Cause was continued to May 11, 2021.  The Debtor was served with the notice of the continued hearing on April 9, 2021.  *See* ECF No. 115 in the Chapter 7 Case; ECF No. 23 in the Adversary Proceeding.

On April 9, 2021, JP Morgan filed a response in support of abstention on the docket of the Debtor's Chapter 7 Case.  The Debtor did not file any documents on the docket of either the Chapter 7 Case or this Adversary Proceeding by the April 20th deadline.

The Court held a hearing on the Order to Show Cause on May 11, 2021 via Zoom.gov. The Debtor appeared at the start of the hearing. When it became apparent that the Debtor was no longer participating in the hearing, Clerk's Office staff made attempts to contact the Debtor. Despite these attempts, the Debtor did not appear for the remainder of the May 11th hearing. At the close of the May 11th hearing, the Court took the Order to Show Cause under advisement.

On May 13, 2021, the Debtor filed a Motion to Open Hearing or Accept Oral Argument in Writing (the "Motion to Open Hearing," ECF No. 120 in the Chapter 7 Case). On May 14, 2021, the Court issued an order granting in part the Motion to Open Hearing, allowing the Debtor to file a written response to the Order to Show Cause on or before May 21, 2021. The Debtor filed a Response to the Order to Show Cause on May 21, 2021 (the "Response," ECF No. 125, in the Chapter 7 Case).

After careful consideration of the record of the Debtor's Chapter 7 case and in this Adversary Proceeding, and for the reasons that follow, the Court permissively abstains from hearing this Adversary Proceeding.

## II. **JURISDICTION**

The United States District Court for the District of Connecticut has jurisdiction over the instant proceedings pursuant to 28 U.S.C. § 1334(b), and the Bankruptcy Court derives its authority to hear and determine this matter pursuant to 28 U.S.C. §§ 157(b)(1), (b)(2)(A) and (b)(3) and the District Court's General Order of Reference dated September 21, 1984.

## III. **DISCUSSION**

Pursuant to 28 U.S.C. § 1334(c), "courts have broad discretion to abstain from hearing claims arising under Title 11, or arising in or related to a case under Title 11, whenever appropriate 'in the interest of justice, or in the interest of comity with State courts or respect for

State law.' 28 U.S.C. § 1334(c)(1)." *In re Cody, Inc.*, 281 B.R. 182, 190 (Bankr. S.D.N.Y 2002) *aff'd in part, appeal dismissed in part*, 338 F.3d 89 (2d Cir. 2003). In considering whether permissive abstention is appropriate under Section 1334(c), courts consider one or more of the following twelve factors:

> (1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable state law, (4) the presence of a related proceeding commenced in state court or other non-bankruptcy court, (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than the form of an asserted "core" proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden of [the court's] docket, (10) the likelihood that the commencement of the proceeding in a bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to a jury trial, and (12) the presence in the proceeding of non-debtor parties.

*See In re Osuji*, 564 B.R. 180, 187 (Bankr. E.D.N.Y. 2017); *In re Pers. Comm. Devices, LLC*, 556 B.R. 45, 56-57 (Bankr. E.D.N.Y. 2016). When it is more appropriate to have a state court hear and decide a matter of state law, permissive abstention is warranted. *See In re Pan Am. Corp.*, 950 F.2d 839, 846 (2d Cir. 1991). Permissive abstention under Section 1334(c)(1) "is within the sound discretion of the bankruptcy court." *In re Abir*, Case No. 09-CV-2871 (JF), 2010 WL 1169929, at *7 (E.D.N.Y. Mar. 22, 2010).

Permissive abstention is warranted in this Adversary Proceeding based upon the presence of the following factors: (i) abstention will not impact the administration of the bankruptcy estate; (ii) state law issues predominate over bankruptcy issues; (iii) the applicable state law is largely well-settled; (iv) there was, and currently is, a related non-bankruptcy state court proceeding pending; (v) the lack of any jurisdictional basis other than 28 U.S.C. § 1334; (vi) the degree of relatedness or remoteness to the main bankruptcy case; (vii) the substance rather than

the form of an asserted "core" proceeding; (viii) no enforcement of a state court judgment by the bankruptcy court; and (ix) the likelihood that the commencement of the bankruptcy proceeding involves forum shopping.

First, abstention will not impact the administration of the Debtor's Chapter 7 Case. Because the Trustee has abandoned the Property that is at issue in the State Court Foreclosure Action, the claims in the Adversary Proceeding, even if successful, have no effect on the efficient administration of the bankruptcy estate. Further, state law issues are completely dominant over bankruptcy issues in this matter. The Complaint asserts causes of action arising under Connecticut law related to JP Morgan's claimed mortgage against the Property and JP Morgan's allegedly negligent and fraudulent conduct in the State Court Foreclosure Action. The claims the Debtor alleges in the Complaint were raised and are directly at issue in the State Court Foreclosure Action, and have in fact been rejected in the State Court Foreclosure Action. Under the specific circumstances of this case, therefore, the state court is the more appropriate forum to adjudicate any remaining issues relating to the Property and any alleged negligence or fraud on the part of JP Morgan.

In addition, the claims asserted in this Adversary Proceeding are based on the same facts and would require the same evidence and witnesses to prove or counter as in the State Court Foreclosure Action, which weighs in favor of permissive abstention. *See In re AOG Entm't, Inc.*, No. 16-11090 (SMB), 2019 WL 1054921, at *10 (Bankr. S.D.N.Y. Mar. 5, 2019); *see also Wallace v. Guretzky*, No. CV-09-0071(SJF), 2009 WL 3171767, at *3 (E.D.N.Y. Sept. 29, 2009) (affirming a bankruptcy court's decision to permissively abstain from an adversary proceeding and observing that "judicial economy is better served by [abstention], since allowing parallel proceedings on issues which are admittedly 'nearly identical' to proceed would require two (2)

separate trials with the same witnesses."). The Court will not interfere with the state court's ability to make a determination on the merits. Connecticut law is well settled on foreclosure issues, and where Connecticut law is not settled, the state courts are the proper forums to determine such issues. To the extent that the Superior Court has determined that the Debtor's claims are without merit, any further relief the Debtor may seek should be pursued in the state court.

Furthermore, the fact that there is another action pending outside of this Court weighs in favor of permissive abstention. The jurisdictional basis, if any, other than 28 U.S.C. § 1334, does not dictate that the state court issues should be resolved by this Court. The claims that have been brought in this Adversary Proceeding all relate to the State Court Foreclosure Action, which is not a "core" proceeding because it concerns issues that cannot be decided by the Bankruptcy Court. There also would be no enforcement of a state court judgment by the Bankruptcy Court because the state court enforces its own judgments. The degree of remoteness of the claims this Adversary Proceeding to the Debtor's Chapter 7 Case is a factor that also weighs in favor of abstention.

A review of the record of the Debtor's Chapter 7 Case and this Adversary Proceeding indicates that the Debtor is essentially attempting to relitigate issues already presented or decided in the State Court Foreclosure Action. The Debtor cannot use this Court to prolong or avoid a final determination of these issues by the state court. Therefore, the factors discussed above weigh heavily in favor of permissive abstention, and the ninth, eleventh, and twelfth factors are not relevant here.

In his Response, the Debtor does not raise any issues that have not already been raised before this Court, or any issues that have not been raised and decided in the State Court

Foreclosure Action. Accordingly, the Response fails to show cause why this Court should not abstain from this Adversary Proceeding.

In sum, based on analysis of the twelve factors, and in the exercise of its discretion, the Court will abstain from hearing and deciding this Adversary Proceeding under 28 U.S.C. § 1334(c)(1).

### IV.    CONCLUSION

The Plaintiff has failed to demonstrate cause to proceed with his Adversary Proceeding in this Court and the underlying issues are jurisdictionally and properly before the state court for adjudication. Accordingly, it is hereby

**ORDERED:** Pursuant to 28 U.S.C. §1334(c)(1), the Court abstains from hearing and determining this Adversary Proceeding; and it is further

**ORDERED:** The Clerk is directed to close the above-captioned Adversary Proceeding; and it is further

**ORDERED:** On or before 5:00 p.m. on June 24, 2021, the Clerk's Office shall serve this Order upon the Debtor at the email address provided by the Debtor and via U.S. Mail at the address listed on the petition.

Dated at Bridgeport, Connecticut this 24th day of June, 2021.

*Julie A. Manning*
Chief United States Bankruptcy Judge
District of Connecticut